Richardson, J.,
delivered the opinion of the Court.
Since the verdict of the jury which established that the plaintiff’s services were not gratuitous, and that they were *339 rendered to the intestate, Robert Yates, during bis last sick ness, it remains for this Court to decide only, whether an account for nursing, or attending Mr. Yates, during a whole year, more or less, can come under the denomination of expenses of his last sickness; so as to take preference to judgment creditors under the Act of 1789, P. L, 491, and to be first paid by the administrator, in marshalling the assets of his intestate.
This Act directs the debts to be paid in the following order : "Funeral and other expenses of the last sickness,” — next, debts to the public — next, judgments, &c., page 494.
The issue made up presented the question, and the jury have decided that the services were rendered during the last sickness.
The Court can lay down no rule or limitation for the duration of the last sickness of a man, nor for the degree of attention to be paid him. A wounded man may linger a long time in a helpless state, and chronic diseases and some cancers run through more time than a year. The Act concurs with the principles of Christian civilization, and is remedial of a common want and necessity — attention and services during last sickness. We must therefore construe it liberally, and let it endure to its proper end, the full relief of the sick and the infirm. The Court and jury were the proper judges, in the particular instance; and they appear to have assessed the amount of the plaintiff’s account with justice and discretion.
The motion for a new trial is therefore refused.
Butler and Evans, Js., dissented.